# MEMORANDA

# CASES NOT REPORTED IN FULL.

---

## HANNAH M. CAULFIELD, *v.* ALGERNON S. SULLIVAN, PUBLIC ADMINISTRATOR, &c.

*Will—when the acceptance of a bequest in it, discharges a debt due from the testator to the legatee—when the court can procure a foreign will to be translated for it, or can itself translate it.*

APPEAL from a judgment in favor of the defendant, entered on the report of a referee, to whom a claim of the plaintiff against the estate of one Henry Yelverton, deceased, had been referred under the statute. The claim was for money lent by the plaintiff to the testator.

The testator, Henry Yelverton, lived abroad from 1867 until the time of his decease, and the appellant, Hannah Maria Caulfield, lived abroad with him during the same time. Their residence was at a country seat near the city of Paris. By his last will and testament, Mr. Yelverton disposed of his property in these words:

"I appoint Miss Hannah Maria Caulfield, living with me, to be my universal legatee. Consequently, I leave to her the whole of the real and personal property which shall belong to me on the day of my decease, and which shall compose my succession, on condition that she execute the disposition hereinafter contained, and any others which I may make hereafter. I bequeath to my two brothers; 1st, Mr. Robert Yelverton, of New York; 2d, and Mr. Charles Yelverton, of San Francisco, to be divided between them in moieties, all the real and personal estate which shall belong to me in America, on the day of my decease, without exception."

By his codicil, subsequently executed, he confirmed the devise and bequest to his brothers, and, said, " in order to facilitate the realization of my property situated on the continent of America, I do hereby appoint my said brother, Robert, executor as to such property." And with this change he proceeded to ratify and to confirm his will. This instrument was in the French language, and a translation thereof into English, forms a part of the documents produced from the Surrogate's Court.

The court at General Term said: " A point is made that this translation was not proved to have been correct. We think this point is of no importance, because the court, having the instrument before it, is at liberty to make, or to have made, a correct translation. There is no reason to doubt that the translation produced is correct in every material respect.

" Evidence was given tending to show that after the decease of the testator, the appellant accepted the provisions of the will by taking possession of his property abroad, consisting of both personal and real estate, and that she declared that she accepted the condition of the will of the testator, and took his property in France in lieu of all claims against his estate. The respondent is administrator of that portion of the testator's estate which was then in America, and this proceeding is an attempt to collect, on the part of the appellant, an alleged indebtedness owing to her by the testator, out of that part of the estate then in America.

" The principal question, and the only one, so far as the merits are concerned, passed upon by the learned referee, is whether the appellant can enforce her claim against the American property, after having accepted the condition of the will. Of course the indebtedness of the testator to the appellant could as properly have been paid out of the estate which he left in France, and devised and bequeathed to her, as out of the American portion of the estate. It is manifest that it was the intention of the testator that his brothers should receive all the real and personal estate which belonged to him in America, on the day of his decease, without exception, for that is the exact language of the will. And it is upon the condition that they shall be permitted to do so, that all his estate abroad is given to the appellant. The necessary effect,

as we think, of her acceptance of the provisions of the will, and her taking possession of the real and personal property abroad under it, and her acceptance of the condition under which that property was given to her, is to relieve the American property altogether from any claim which she otherwise had or could make against it or any portion of it. The will not only imposes upon her the condition, but also the duty to execute and carry out the disposition of the American property contained in the will, intending, so far as the testator had power, to require her by affirmative action on her part, as " universal legatee," to see to it that his brothers named in the will should receive and enjoy the property in America. It is impossible to find any other intention in the will. And if it imposed on her this affirmative action, it certainly restrains her from any attempt to enforce any claim of hers against the estate in such form as should take away the whole, or any part of the property devised and bequeathed to his brothers."

*John E. Burrill*, for the appellant.

*L. H. Arnold*, for the respondent.

Opinion by DAVIS, P. J. ; BRADY and BARRETT, JJ., concurred.

Judgment affirmed.